UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI MUSAID MUTHANA,

    Plaintiff,

v.                                                         Case No. 2:11-cv-132

GERALD HOFBAUER et al.,                 HON. GORDON J. QUIST

    Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION**

Ali Musaid Muthana, Plaintiff, an inmate confined at the Chippewa Correctional facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Defendants filed a Motion for Summary Judgment, (Dkt. nos. 13, 25), to which Plaintiff responded. (Dkt. no. 30.) On January 11, 2010, Magistrate Judge Greeley issued a Report and Recommendation (R & R) granting in part and denying in part Defendants' motions. (Dkt. no. 41.) Defendants made two objections to the R & R, (Dkt. no. 42), and Plaintiff also made several objections. (Dkt. no. 44.) For the reasons set forth below, the R & R will be adopted in part and rejected in part. All of Plaintiff's claims will be dismissed except his First Amendment as applied challenge against Defendant McCarthy, in his official capacity, for rejecting Plaintiff's letters after they had been translated.

**I.    First Amendment as applied challenge regarding Plaintiff's mail**

As the R & R notes, "the pertinent question in this case is whether Defendants' refusal to allow Plaintiff to receive letters interpreted by the AFSC was reasonably related to legitimate penological interest." (R & R at 8.) Since no party objected to this finding and the Court finds it correct upon *de novo* review, the Court adopts the finding that the only issue remaining, as to this claim, is whether the rejection of Plaintiff's translated letters violated his First Amendment rights

as applied to Plaintiff. The R & R properly notes that an issue of fact exists because of Plaintiff's argument and supporting exhibits that his mail, which may have included the translated letters, had been rejected.

The R & R fails to note, however, that Plaintiff argues that a sole defendant–Defendant McCarthy–is the person who rejected his letters after they had been translated. The exhibit that creates a genuine issue of material fact for this claim confirms this. (Pl.'s Resp. Br. Ex. 25.) There are no allegations and no evidence that any other Defendant besides McCarthy rejected Plaintiff's mail after it had be translated, and therefore no reasonable jury could find in favor of Plaintiff with respect to any Defendant besides McCarthy. Thus, the Court supplements the R & R's analysis of Plaintiff's First Amendment challenge regarding the rejection of his translated letters and dismisses all Defendants except McCarthy from this claim.[1]

Furthermore, corrections employees "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While it is clearly established that the prison's policy is not unconstitutional, (R & R at 3-6), it is not clearly established whether the policy can still be enforced when foreign-written mail is accompanied with an English translation. Moreover, Plaintiff puts forth no argument to the contrary–that this law is clearly established. "The burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). Thus, McCarthy is entitled to qualified immunity with respect to the remaining First Amendment as applied challenge. Of course, as the parties point out, qualified immunity insulates McCarthy from liability only in McCarthy's individual capacity. *Littlejohn v. Rose*, 768 F.2d 765, 772 (6th Cir. 1985).

---

[1] In making this finding, the Court grants Defendant's Objection No. 1.

## II. First Amendment Retaliation Claim

Upon *de novo* review of the R & R, its analysis of Plaintiff's retaliation claim is rejected. Plaintiff's retaliation claim will be dismissed. "Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decisionmaker is at issue–that is, the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity." *Smith v. Campbell*, 250 F.3d 1032, 1028 (6th Cir. 2001). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (internal quotations and citation omitted). Plaintiff does not support his conclusory allegations with material facts that any defendant acted in retaliation. Plaintiff acknowledges throughout his brief and complaint, which is also supported by the exhibits that he submitted, that Defendants rejected Plaintiff's mail because of the prison's policy, not because he engaged in protected conduct. In addition, as Defendants point out, the decision was also based on the prison's inability to access an Arabic translator. The question whether the prison applied the policy in an unconstitutional manner is a different question. Moreover, according to Plaintiff, Defendants unwaveringly rejected his mail written in Arabic because of the policy, and they did so even before Plaintiff filed any grievances. Defendants have put forth legitimate reasons for the adverse actions and Plaintiff has not come forth with any evidence that prison officials rejected his mail for any reason besides the policy and the prison's inability to access an Arabic translator.

Therefore, Plaintiff's retaliation claim will be dismissed.

## III. Equal Protection Claim

Plaintiff objects to the R & R's analysis of his Equal Protection claim. Finding no error in the R & R's analysis, Plaintiff's objection is overruled. Therefore,

**IT IS HEREBY ORDERED** that the R & R (Dkt. no. 41) is **adopted in part** and **rejected in part.**

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Dkt. nos. 13, 25) are **granted in part** and **denied in part.** They are granted in all regards except as to Plaintiff's First Amendment as applied challenge that Defendant McCarthy, in his official capacity, unconstitutionally rejected his letters after they had been translated.

**IT IS FURTHER ORDERED** that Plaintiff's objections (Dkt. no. 44) are **overruled** and Defendants' objections (Dkt. no. 42) are **granted**.


Dated: February 14, 2012                  /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE