UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI MUSAID MUTHANA,

       Plaintiff,

v.                                        Case No. 2:11-cv-132
                                        HON. GORDON J. QUIST

GERALD HOFBAUER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ali Musaid Muthana, an inmate currently confined at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include former MDOC Director Patricia L. Caruso, Interim MDOC Director Richard McKeon, Mail Room Supervisor Sally York Gormley, Mail Room Manager Jamie Rubick, Second Mail Room Manager K. McCarthy, Assistant Resident Unit Supervisor Mark Pokley, Resident Unit Manager Steve Niemi, and Mail Room Manager Sherri Andrew.

Plaintiff's complaint alleges that while he was incarcerated at the Marquette Branch Prison (MBP), the majority of his incoming and outgoing mail was destroyed pursuant to MDOC Policy because it was written in a foreign language which could not be interpreted by institutional staff. Plaintiff states that letters to and from his family were written in Arabic. Plaintiff contacted the American Civil Liberties Union (ACLU) and the American Friends Service Committee (AFSC), and asked for assistance in translating the letters for prison staff. The AFSC informed Plaintiff that they had some Arabic workers who would interpret Plaintiff's incoming mail. Plaintiff notified Defendants of this arrangement and requested that his incoming mail be forwarded to the AFSC.

The mail was then interpreted by AFSC staff and the translated and original letters were returned to the prison mail room. However, Defendant McCarthy rejected the letters and returned them to the AFSC under the guise that they were written in a foreign language.

In his complaint, Plaintiff asserts that Defendants' conduct violated his rights under the First and Fourteenth Amendments and indicates that he is seeking compensatory and punitive damages, as well as declaratory and injunctive relief. However, on February 14, 2012, the court ruled on motions for summary judgment filed by Defendants Caruso, Hofbauer, McCarthy, McKeon, Niemi, Pokley, Andrew, and Gormley (docket #13 and #25). In its Opinion and Order (docket #50), the court granted summary judgment in all regards except as to Plaintiff's First Amendment as applied challenge that Defendant McCarthy, in his official capacity, unconstitutionally rejected his letters after they had been translated.

Presently before the Court is the motion for summary judgment filed by Defendant Rubick (docket #56). Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as

true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In his brief in support of the motion for summary judgment, Defendant Rubick incorporates the arguments made by the other Defendants in their motions for summary judgment. In addition, Defendant Rubick correctly notes that the court found that there "are no allegations and no evidence that any other Defendant besides McCarthy rejected Plaintiff's mail after it had been translated, and therefore no reasonable jury could find in favor of Plaintiff with respect to any Defendant besides McCarthy."  (Docket #50, p. 2.)  Defendant Rubick attests that during the pertinent time period, he was employed as a General Office Assistant at the Marquette Branch Prison (MBP).  (Docket #57-2, Defendant Rubick's Exhibit 1, ¶ 1.)  Defendant Rubick contends that because there is no evidence that Defendant Rubick rejected the already translated mail, he is entitled to summary judgment.

In his response, Plaintiff reasserts the allegations set forth in his complaint and states that Defendant Rubick is responsible for Defendant McCarthy's rejection because she was the mail room manager at the time of the rejection.  As noted above, Defendant Rubick attests that she was merely a General Office Assistant, and was not actually the mail room manager.  However, even if Defendant Rubick were the mail room manager during the relevant time period, liability under

Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Rubick was personally involved in the activity which forms the basis of his claim.  Defendant Rubick's only involvement appears to be the fact that Plaintiff believes her to have been the mail room manager at the time of the incident.  Defendant Rubick cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).  Accordingly, the Court concludes that Defendant Rubick is entitled to summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Rubick's motion for summary judgment.  Accordingly, it is recommended that Defendant Rubick's Motion for Summary Judgment (docket #56) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE

Dated:   December 13, 2012